**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GURLAL SINGH SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-128-J** |
| | ) | |
| **MARY DE ANDA-YBARRA et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Gurlal Singh Singh, a noncitizen[2] and citizen of India, proceeding with

counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his

detention by U.S. Immigration and Customs Enforcement (ICE). United States District

Judge Bernard M. Jones, II referred this matter to the undersigned magistrate judge in

accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The Respondents filed a Response and

Petitioner filed a Reply. (ECF Nos. 10 & 12). For the reasons set forth below, the

undersigned recommends that the Court grant the Petition, in part, and order

Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within

five business days or otherwise to release him if there is no hearing within that time.

---

[1] Markwayne Mullin was confirmed as Secretary of the Department of Homeland Security on March 23, 2026. He replaces Kristi Noem. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the officer's successor is automatically substituted as a party.

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.     BACKGROUND

Petitioner, a citizen of India, entered the United States on or about October 10, 2023, without inspection or admission, and was taken into immigration custody on the same day. (ECF Nos. 1:11, 10:6). On October 13, 2023, ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear and charged him with being inadmissible as an alien present in the United Stated who has not been admitted or paroled. *See* ECF No. 10-1. On September 15, 2025, Petitioner filed an I-589 Application for Asylum and Withholding of Removal with the Immigration Court. (ECF No. 1-2).

On or about January 28, 2026, Petitioner was apprehended by Respondents in Oklahoma and transferred to the Diamondback Correctional Facility where he is currently detained.[3]

## II.     PETITIONER'S CLAIMS

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to all noncitizens in the United States who are inadmissible.

- **Count II: Violation of Due Process**.  Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process.

---

[3] *See* ECF No. 1:12; https://locator.ice.gov/odls/#/results (last visited Mar. 26, 2026).

(ECF No. 1:12-13). Petitioner asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days." (ECF No. 1:14). Petitioner also requests additional declaratory relief as well as an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4] (ECF No. 1:14).

## III.    STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be

---

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is being held in violation of the INA and § 1225(b)(2) does not apply to all noncitizens residing in the United States who are inadmissible.  (ECF No. 1:12). Petitioner contends § 1226(a) applies: (1) by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States" and (2) to people charged as being inadmissible, including those who entered without inspection. (ECF No. 1:10).

Respondents contend Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A). (ECF No. 10:7-9). Further, Respondents claim: (1) § 1225(b)(2)(A) is not limited to noncitizens "arriving" in the United States, and (2) § 1225(b)(2) is a "catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." (ECF No. 10:9-13).

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting the

Court's reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026) and *Vijay v. Holt*, No. 26-172-HE, (W.D. Okla. Mar. 6, 2026), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the terms "applicant for admission" and, in particular, "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025). If all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous. *Lopez*, 2026 WL 165490, at *4. The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without

having been admitted or paroled . . . will be eligible for bond and bond redetermination."

*Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge DeGiusti, Judge Palk, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[5] This Court has found the plain language, legislative history, and past immigration practices all support a finding that "Petitioner's detention is not governed by §1225(b)(2)." *Lopez*, 2026 WL 165490, at *7.  The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A). This conclusion is also in accord with the Seventh Circuit, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see*

---

[5] *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Ochoa Maldonado v. Noem,* No. CIV-25-1379-J, 2026 WL 160950 (W.D. Okla. Jan. 21, 2026).  Two Judges in the District have applied § 1225(b)(2)(A). *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (finding "§ 1225 unambiguously applies to" a similarly situated petitioner); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025) (finding "§ 1225 unambiguously deems [p]etitioner an 'applicant for admission' who is 'seeking admission'").

*Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (agreeing with Respondents' interpretation).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

## V.   PETITIONER'S REMAINING CLAIM

Petitioner also argues his continued detention without a bond hearing violates his right to due process. (ECF No. 1:13). If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of the due process claim based on his continued detention. *See, e.g.*, *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 (W.D. Okla. Dec. 16, 2025) (declining to decide the merits of Petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## VI.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned

further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **April 2, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).[6] If a party wishes to respond to the other party's objections, such response must be filed not later than **April 6, 2026**. *See* Fed. R. Civ. P.72(b)(2).The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on March 26, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to seven days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) (noting that "[t]he Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").