**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

GURLAL SINGH SINGH,                    )
                                        )
          Petitioner,                   )
                                        )
v.                                      )          Case No. CIV-26-128-J
                                        )
MARY DE ANDA-YBARRA, et al.,            )
                                        )
          Respondents.                  )

## ORDER

Petitioner Gurlal Singh Singh, a noncitizen from India, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1].  The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part; (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him; and (3) order Respondents to certify compliance by filing a status report within seven business days of the Court's order [Doc. No. 13].  The parties were advised of their right to object to the Report and Recommendation by April 2, 2026.  *Id.* at 8.  Respondents filed a timely Objection [Doc. No. 14].  For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED to the extent it alleges Petitioner's lack of a bond hearing violates federal law.

### I.    Background

Petitioner is a citizen of India who entered the United States on October 10, 2023, without admission or parole.  [Doc. No. 1 ¶ 41; Doc. No. 10 at 6].  That same day, he was examined by immigration officers, placed in removal proceedings, and released.  [Doc. No. 1 ¶ 41].  Petitioner filed a Form I-589 asylum application in January 2024 and an updated I-589 asylum application

in September 2024, seeking lawful residence in the United States. *Id.* ¶ 42; [Doc. No. 10 at 6]. In January 2026, Petitioner was re-detained by the Department of Homeland Security, and he has remained in custody without a bond hearing. *See* [Doc. No. 1 ¶ 43]. Respondents contend a bond hearing is not required because Petitioner was properly re-detained under 8 U.S.C. § 1225(b)(2). [Doc. Nos. 10 & 14]. While housed at the Diamondback Correctional Facility in Watonga, Oklahoma, Petitioner filed his Petition, asserting that his continued detention without a bond hearing violates (1) the Immigration and Nationality Act (INA), and (2) his Fifth Amendment due process rights.[1]

## II.    Standard of Review

Although it was timely filed, Respondents' Objection does not trigger de novo review. An objection that merely reiterates arguments previously presented to the magistrate judge, or that expresses general disagreement with the recommendation, is insufficient to require de novo review. *E.g., Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025) (collecting cases); *see also Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023). Here, Respondents concede the Objection "expressly reasserts . . . arguments set forth in the Response." [Doc. No. 14 at 1]. This does not trigger de novo review. *Sanchez-Gilly v. Noem*, No. CIV-26-139-J, 2026 WL 674200 (W.D. Okla. Mar. 10, 2026).[2]

---

[1] Because the Court grants Petitioner relief under § 1226(a), it declines to address his constitutional claim.

[2] Respondents also "acknowledge this Court's prior rulings" but submit the Objection "for the Court to consider . . . recent appellate decisions" from the Fifth and Eighth Circuits. [Doc. No. 14 at 1–2]; *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). But the Court has previously acknowledged those cases and concluded they do not disturb its analysis or compel a different conclusion. *See Damian v. Jones*, No. CIV-25-1561-J, 2026 WL 446295, at *1 (W.D. Okla. Feb. 17, 2026); *Singh v. Grant*, No. CIV-26-55-J, 2026 WL 915691, at *1 (W.D. Okla. Apr. 3, 2026).

### III.    Analysis

Having determined that Respondents' Objection does not trigger de novo review, the Court reviews Judge Erwin's Report and Recommendation only to "confirm that there is no clear error on the face of the record." *Barnett v. Okla. State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025). With that review, the Court ADOPTS the thorough and well-reasoned Report and Recommendation concluding that Petitioner's detention without a bond hearing violates the INA. Even if the Court engaged in de novo review, this Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026). Unless the Tenth Circuit or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

### IV.    Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 13] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the INA. Accordingly, the Court ORDERS Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner within five business days of this Order's date. Respondents shall also certify compliance within seven business days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 7th day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE